# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| HENRY LINKER and ASHLEY LINKER, as Parents and Next Kin of (EFL), a Minor Child, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 424-085 |
| CHRISTINE E. WORMUTH, Secretary of U.S. Department of the Army; STEWART HUNTER HOUSING, LLC, a/k/a Marne Homes; BALFOUR BEATTY MILITARY HOUSING MANAGEMENT, LLC; BALFOUR BEATTY MILITARY HOUSING INVESTMENTS, LLC; BALFOUR BEATTY MILITARY HOUSING DEVELOPMENT, LLC; and BALFOUR BEATTY COMMUNITIES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is a motion to dismiss filed by Christine Wormuth, Secretary of the U.S. Department of the Army. Dkt. No. 35. The motion has been fully briefed and is ripe for review. See Dkt. Nos. 38, 44. For the following reasons, Defendant's motion is **GRANTED**, and Plaintiffs' claims against Defendant are **DISMISSED without prejudice.**

## BACKGROUND[1]

This action arises from the collapse of a bedroom ceiling in an apartment in Fort Stewart, Georgia. Dkt. No. 1 ¶¶ 1, 16. According to the complaint, E.F.L.—a minor child—and her parents were residents of a Marne Homes apartment. Id. ¶¶ 1, 35. On July 23, 2022, a bedroom ceiling in the apartment collapsed. Id. ¶¶ 1, 16. Plaintiffs allege E.F.L. suffered injuries as a result. Id. ¶ 16. Plaintiffs allege five corporate Defendants—Stewart Hunter Housing, LLC, Balfour Beatty Military Housing Management, LLC, Balfour Beatty Military Housing Investments, LLC, Balfour Beatty Military Housing Development, LLC, and Balfour Beatty Communities, LLC—"operat[ed], manage[d], and control[led]" the apartment where the ceiling collapsed. Id. ¶¶ 11-15. Plaintiffs further allege that Secretary Wormuth "is the chief officer of the Army and exercises authority, direction and control over the Army." Id. ¶ 18. Plaintiff brings negligence claims against the Corporate Defendants and Secretary Wormuth in her official capacity. Id. ¶¶ 19-33.

Secretary Wormuth brings the instant motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending this Court lacks subject matter jurisdiction over

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

2

Plaintiffs' claims because they failed to first present their claims as administrative tort claims to the U.S. Army as required by the Federal Tort Claims Act ("FTCA"). See Dkt. No. 35 at 8-9 (discussing 28 U.S.C. § 2675).

## LEGAL STANDARD

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000)). Thus, in order to maintain their case against Secretary Wormuth in federal court, Plaintiffs must allege a sufficient basis for jurisdiction. See id.

When a party seeks to challenge a district court's subject matter jurisdiction pursuant to Rule 12(b)(1), it can attack jurisdiction in one of two ways: facially or factually. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1529. In a factual attack, on the other hand, the court may look outside the complaint and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (quoting Williamson

3

v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).[2] "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002) (citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942)).

## DISCUSSION

In general, the United States[3] is immune from suit unless it expressly consents to be sued, based on the doctrine of sovereign immunity. See United States v. Dalm, 494 U.S. 596, 608 (1990). In order to provide a remedy for individuals harmed by actions taken by federal officials within the scope of their employment, the FTCA was created as a limited waiver to this sovereign immunity. 28 U.S.C. § 1346(b)(1); see also H.R. Rep. No. 76-2428, at 5 (1940); Hearings Before the Comm. on the Judiciary on H.R. 5373 and H.R. 6463, 77th Cong. 66 (1942). It must be noted that the FTCA is not, in and of itself, a cause of action; rather, it is a set of requirements a plaintiff must follow before the United

---

[2] Decisions from the Fifth Circuit Court of Appeals issued on or before September 30, 1981 are considered binding precedent in the Eleventh Circuit. See Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981). Williamson was decided on May 20, 1981 and is thus binding precedent.

[3] Because Plaintiffs raise claims against a federal officer in her official capacity, the United States of America is the sole party in interest and the proper defendant to those claims. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.").

4

States will waive its sovereign immunity. See Pate v. Oakwood Mobile Homes, Inc., 374 F.3d 1081, 1084 (11th Cir. 2004).

Section 1346 explains the FTCA is the *exclusive* legal remedy for

> claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "Unlike a suit against a private person, however, Congress has created an administrative procedure claimants must exhaust." Dixon v. United States, 96 F. Supp. 3d 1364, 1368 (S.D. Ga. Feb. 23, 2015); see also McNeil v. United States, 508 U.S. 106, 111 (1993). These administrative procedures were designed to give the relevant government agency (here, the Army) an opportunity to settle the claim before suit is filed, thus easing court congestion while expediting disposition of monetary settlements. See 73 A.L.R. 338 (citing 1966 U.S. Code Congressional and Administrative News 2516).

As relevant here, one requirement of the FTCA is the claimant's presenting the claim to the appropriate agency before filing a lawsuit. See 28 U.S.C. § 2675(a). This section provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of

5

> the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. In practice, this means a claimant must "provide written notice to the agency that includes (1) sufficient information to enable the agency to investigate the claim, and (2) a sum certain for the amount of damages sought," Dixon, 96 F. Supp. 3d at 1368-69 (citing Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980)), and either accept a potential settlement from the agency or wait for his claim to be denied in writing *before* the claimant files a lawsuit. An executed Standard Form 95 "or other written notification of an incident, accompanied by a claim for money damages in a sum certain" caused by the incident suffices as written notice. See 28 C.F.R. § 14.2(a).

So here, while the basis of Plaintiffs' claims may be Georgia law, they must show they have satisfied the prerequisites of the FTCA before they can bring their claims against the United States in court. It is undisputed here that Plaintiffs have not satisfied these requirements. See Dkt. Nos. 35 at 8 ("Plaintiffs failed to exhaust administrative remedies by failing to present their claim to the appropriate federal agency."), 38-1 (Plaintiff Ashley Linker's affidavit that she participated in a settlement discussion with Defendant but not disputing that Plaintiffs failed

6

to provide written notice of their claims). As such, Plaintiffs have not satisfied the jurisdictional prerequisites to suit under the FTCA and their claims against the United States must be **DISMISSED**.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, dkt. no. 35, is **GRANTED**, and Plaintiffs' claims against Secretary Wormuth are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Secretary Wormuth as a defendant in this action.

**SO ORDERED** this 3rd day of February, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA